```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION


AMY STALLWORTH,                      :

     Plaintiff,                      :

vs.                                  :
                                          CIVIL ACTION 04-0658-P-M
JO ANNE B. BARNHART,                 :
Commissioner of
Social Security,                     :

     Defendant.                      :
```

## REPORT AND RECOMMENDATION

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (SSI). The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was heard on July 25, 2005. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be affirmed, that this action be dismissed, and that judgment be entered in favor of Defendant Jo Anne B. Barnhart and against Plaintiff Amy Stallworth.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239

(11th Cir. 1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance."  *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born June 23, 1948.  At the time of the administrative hearing, Stallworth was fifty-five years old, had completed an eleventh-grade education (Tr. 282), and had previous work experience as a fast food cook and housekeeper (Tr. 284; *see also* Tr. 165-68).  In claiming benefits, Plaintiff alleges disability due to degenerative joint disease and type II diabetes mellitus (Doc. 10).

The Plaintiff protectively filed applications for disability and SSI on July 31, 2002 (Tr. 60-67, 270-71). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Stallworth was capable of performing her past relevant work as a fast food cook/dishwasher and housekeeper (Tr. 14-25).  Plaintiff requested review of the hearing decision (Tr. 9-13) by the Appeals Council, but it was denied (Tr. 5-7).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Stallworth alleges that:  (1) The ALJ did not properly consider the opinions and conclusions of her treating physician; (2) the ALJ did not make specific findings regarding the mental and physical demands of her past work; (3) the ALJ did not properly consider the combination of her impairments; and (4) the ALJ miscalculated her age in reaching his decision (Doc. 10).[1]  Defendant has responded to—and denies—these claims (Doc. 11).

Plaintiff's first claim is that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of Plaintiff's physician.  Stallworth specifically refers to Dr. Joseph N. M. Ndolo (Doc. 10, pp. 8-10).  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[2] *see also* 20 C.F.R. § 404.1527 (2004).

---

[1] The Court notes that the third and fourth claims were raised for the first time at oral argument, depriving Defendant of an opportunity to fairly argue them.  While the Court will consider these newly-raised issues this time, Plaintiff's Counsel is cautioned that the Court will not be so benevolent in the future.

[2] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent

The medical evidence shows that Dr. Ndolo treated Stallworth on three separate occasions, spanning September 13, 2002 through July 1, 2003 (Tr. 262-64).  On the first visit, the doctor treated her for an abcess on her left ring finger (Tr. 264).  On the second visit, on March 3, 2003, Plaintiff complained of right hip and knee pain as well as shortness of breath; Ndolo diagnosed her to have chronic right hip pain and lower back pain, asthma and shortness of breath (Tr. 263).  The doctor discontinued the prescription for Naproxen[3] at that time and told her to take over-the-counter medications (*id.*).  On July 1, 2003, Stallworth complained of lower back pain and right ankle pain from a recent fall; Dr. Ndolo diagnosed Plaintiff to have type II diabetes mellitus, hyperglycemia, lower back pain, and ankle strain (Tr. 262).  The doctor noted that Stallworth was poorly compliant in managing her medical problems; again, he instructed her to take over-the-counter medications (*id.*).[4]

---

decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[3]*Naproxen* "is a nonsteroidal anti-inflammatory drug with analgesic and antipyretic properties" used, *inter alia*, for the relief of mild to moderate pain.  *Physician's Desk Reference* 2458 (52nd ed. 1998).

[4]Dr. Ndolo also prescribed some pain medication, but the Court is unable to decipher his writing to know what was specifically prescribed (Tr. 262-63).

An x-ray on July 3, 2003 showed that Plaintiff had prominent bony degenerative changes in the lower lumbar spine; there were no acute compression fractures or spondylolisthesis and the disc spaces were fairly well maintained (Tr. 269). There was mild spondylolisthesis of L4 and L5 (*id.*).

On July 11, 2003, Dr. Ndolo stated that "Ms. Stallworth is physically disabled with chronic/severe around the clock orthopedic pain in her lower back and sacroiliac joints" for which there is no expected cure (Tr. 268). The physician recommended total disability. On the same date, Ndolo completed a physical capacities evaluation in which he indicated that Plaintiff could sit for only five-to-ten minutes at a time, and stand and walk for only fifteen-to-twenty minutes at a time; she could sit, stand, and walk for only one hour each during an eight-hour day (Tr. 265). The doctor stated that Plaintiff could lift and carry up to five pounds continuously, up to ten pounds frequently, but never more than that (*id.*). The doctor thought that Stallworth could use both hands for fine manipulation, but could never bend, squat, crawl, climb, or reach (Tr. 265). Ndolo also completed a pain form indicating that Plaintiff's pain would distract her from adequately performing work or her daily activities and that any sort of physical activity would lead to required bedrest and/or

medication; he also said that she would suffer from severe drug side effects, limiting her effectiveness (Tr. 266-67).

The ALJ rejected the conclusions of Dr. Ndolo because he is not an orthopedic doctor, because the x-rays demonstrated only mild degenerative changes, and because there was no objective medical evidence of record—even in his own records—to support his diagnosis (Tr. 23). The ALJ also found that Plaintiff's daily activities belied her inability to do anything and surmised that Ndolo's conclusion was based on Plaintiff's own statements of limitation (*id.*).

The Court finds substantial support for the ALJ's rejection of Dr. Ndolo's finding of total disability. First, the Court notes that Dr. Ndolo's findings do not comport with the conclusion of a consultative examiner, Dr. John B. Douglas, who examined Stallworth on two occasions (Tr. 222-23, 253-54); likewise, the x-ray does not support a finding of total disability. Additionally, no other doctor suggests the limitations found by Ndolo; in fact, most of the other records do not even reference lower back pain at all. Finally, Plaintiff has not challenged the ALJ's implicit rejection of her statements of pain and limitation which seems to be the basis of Dr. Ndolo's conclusions (Tr. 23). Plaintiff's claim is without merit.

Plaintiff's second claim is that the ALJ failed to determine the specific job requirements of her past work as a fast food cook/dishwasher and housekeeper (Doc. 10, p. 10-11). Stallworth has directed this Court's attention to Social Security Ruling 82-62 which states that the ALJ, in finding that a claimant can perform past relevant work, must make a specific "finding of fact as to the physical and mental demands of the past job/ occupation."  Social Security Ruling 82-62 (1982 WL 31386, *4 (S.S.A.)).  In discussing the nature of this finding of fact, the Ruling states the following:

> Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate.  This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source. Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience.  In addition, for a claim involving a mental/ emotional impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, *e.g.*, speed, precision,

> complexity of tasks, independent judgments,
> working with other people, etc., in order
> to determine if the claimant's mental
> impairment is compatible with the
> performance of such work.  Persons with
> physical impairments (*e.g.*, cardiovascular
> or gastrointestinal disorders) may have
> performed stressful tasks.  This may also
> require a decision as to whether the
> impairment is compatible with the
> performance of such work.  If more than one
> job was performed during the 15-year
> period, separate descriptions of each job
> will be secured.

Social Security Ruling 82-62 (1982 WL 31386, *3 (S.S.A.)).

The Court finds that there is sufficient evidence in the record for the ALJ to have satisfied the requirements of Ruling 82-62 and 20 C.F.R. 404.1520(e).[5]  Specifically, the Court notes that Stallworth completed many forms which indicated the demands of these jobs (*see* Tr. 91, 103-05, 108, 147-49, 165-68, 171-74, 190-93).  Though the ALJ did not make a specific list of these duties, the Court finds that it is, at most, harmless error.

Stallworth's third claim is that the ALJ did not properly consider the combination of her impairments.  It is true that "the Secretary shall consider the combined effect of all of

---

[5] "If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past."

8

the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 423(d)(2)C).  The Eleventh Circuit Court of Appeals has noted this instruction and further found that "[i]t is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled." *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984); *see also Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984); *Wiggins v. Schweiker*, 679 F.2d 1387 (11th Cir. 1982).

In his decision, the ALJ specifically states the following: "The Claimant's severe impairments, considered either singly or in combination, do not rise to the level of severity necessary to either meet or equal the presumptively disabling medical criteria set forth in any particular section listed in Part A to Appendix 1, Subpart P, Social Security Regulations No. 4" (Tr. 22).  This language has been upheld by the Eleventh Circuit Court of Appeals as sufficient consideration of the effects of the combinations of a claimant's impairments. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991) (the claimant does not have "an impairment or combination of

impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4"). This claim is of no merit.

Stallworth's final claim is that the ALJ miscalculated her age in reaching his decision. Plaintiff has argued that this is important because it changes the analysis the ALJ must perform, relative to what work she can perform, when her proper age is considered.

The evidence demonstrates that the ALJ stated that Plaintiff testified that she was 53 years old (Tr. 20). Stallworth testified that she was born on June 23, 1948 which would have made her 55 years old at the hearing on September 25, 2003 (Tr. 279, 282). However, because the Court found substantial support for the ALJ's determination that Plaintiff could return to her past relevant work as she described it, the ALJ's miscalculating Plaintiff's age is only harmless error. This claim lacks merit.

Plaintiff has raised four different claims in bringing this action. All are without merit. Upon consideration of the entire record, the Magistrate Judge finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is recommended that the Secretary's decision be affirmed,

*see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), that this action be dismissed, and that judgment be entered in favor of Defendant Jo Anne B. Barnhart and against Plaintiff Amy Stallworth on all claims.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of

11

the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 25th day of July, 2005.

                                            s/BERT W. MILLING, JR.
                                            UNITED STATES MAGISTRATE JUDGE