IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMY STALLWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 04-0658-P-M |
| ) | |
| JO ANNE B. BARNHART, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER REVERSING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE

On July 25, 2005, the Magistrate Judge issued a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), recommending that the decision of the Commissioner to deny plaintiff's claim for Social Security disability insurance benefits and supplemental security income benefits be affirmed (doc.13). The deadline for objections was August 15, 2005. No objection to the Recommendation has been filed and the Report and Recommendation is ripe for consideration. This court finds that the Report and Recommendation is due to be REVERSED.

In reviewing Social Security claims, this court's role is a limited one. The court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). The Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991) (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)). Substantial evidence is defined as "more than a scintilla but less than a preponderance," and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390 (1971); Bloodsworth, 703 F.2d at 1239. The Commissioner's decision must be affirmed if it is supported

by substantial evidence even when a court finds that the preponderance of the evidence is against the decision of the Commissioner. Richardson, 401 U.S. at 401; Bloodsworth, 703 F.2d at 1239. "In determining whether substantial evidence exists, we must view the record as a whole, taking to account evidence favorable as well as unfavorable to the [Commissioner's] decision." Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). Further, it has been held that the Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reason for determining that the proper legal analysis has been conducted mandates reversal." Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

Herein, as to plaintiff's second claim, that the Administrative Law Judge ("ALJ") did not make specific findings regarding the mental and physical demands of her past work, the Magistrate Judge noted:

> The [c]ourt finds that there is sufficient evidence in the record for the ALJ to have satisfied the requirements of Ruling 82-62 and 20 C.F.R. 404.1520(e)... Specifically, the [c]ourt notes that Stallworth completed many forms which indicate the demands of these jobs (see Tr. 91, 103-05, 108, 147-49, 165-68, 171-74, 190-93). Though the ALJ did not make a specific list of these duties, the Court finds that it is, at most, harmless error.

(doc. 13, p.8). This court disagrees.

Although plaintiff bears the burden of demonstrating the inability to return to her past relevant work, the Commissioner "has an obligation to develop a full and fair record," and is required to develop a detailed description of the duties and responsibilities of a claimant's past work. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987); Davison v. Halter, 171 F.Supp.2d 1282, 1284 (S.D.Ala. (Apr. 2, 2001)) (Civ.A. 00-0664-CB-C); Paige v. Apfel, 2001 WL 936198, *1 (S.D.Ala. (May 3, 2001)) (Civ.A. 00-0097-P-S); Benjamin v. Apfel, 2000 WL 1375287, *9 (S.D.Ala. (Aug. 2, 2000)) (Civ.A. 99-0738-P-L).

> Section 404.1520(e)... requires a review and consideration of... plaintiff's residual functional capacity and the physical and mental demands of the past work before a determination can be made that the plaintiff can perform her past relevant work. Social Security Ruling 82-62 provides that evaluation under § 404.1520(e) "requires careful consideration of the interaction of the limiting effects of the person's impairment(s) and the physical and mental demands of... her [past relevant work] to determine whether the

2

>individual can still do that work." See also Lucas v. Sullivan, 918 F.2d 1567, 1574, n.3 (11th Cir. 1990) (to support a conclusion that a claimant "is able to return to her past work, the ALJ must consider all the duties of that work and evaluate her ability to perform them in spite of her impairments.").

Davison, 171 F.Supp.2d at 1284. A decision of the Commissioner that a claimant has the capacity to perform a past relevant job "must contain among the findings, a finding of fact as to the claimant's residual functional capacity, a finding of fact as to the physical and mental demands of the past job/occupation, and a finding of fact that the claimant's residual functional capacity would permit a return to the past job or occupation. Id., at 1285; Paige, 2001 WL 936198, at *2; Social Security Disability Claims Practice and Procedure, Vol. 3, 82-62 (2nd ed. 1994).

In Davison, the court found that the detailed evidence supported the ALJ's decision that the plaintiff could perform her past relevant work. Id., at 1285-86. In Benjamin, the court found the same, "that the ALJ met these requirements in his discussion of her past relevant work activities... and properly determined that the [p]laintiff has the residual functional capacity to return to her past relevant work at anytime prior to her date last insured." Id., at *10.

Ruling 82-62 provides that "[t]he decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and ***must be developed and explained fully in the disability decision***." (emphasis added).

Herein, the Magistrate notes that the ALJ did not make these specific findings of fact. This court's review of the ALJ's decision confirms the omission.

The ALJ found that the medical evidence establishes that plaintiff retains the residual functional capacity to perform light unskilled work. The ALJ then noted:

>[T]he next step in the sequential evaluation process requires the [ALJ] to determine whether the claimant can perform her past relevant work within the meaning of 20 CFR Sections 404.1520(e) and 416.920(e). The claimant has past relevant work experience as a fast foods cook/dishwasher, nursing home assistant, and housekeeper. [Plaintiff's] past

>work as a fast foods cook/dishwasher is classified as light unskilled work (DOT 311.472-010), and her work as a housekeeper (DOT 301.474-010) also would be classified as light unskilled work as she reported she performed it.  Thus, based on [plaintiff's] residual functional capacity for light work, [plaintiff] is able to perform her past relevant work as a fast foods cook/dishwasher and housekeeper.

(Tr.23-24).  Although the ALJ's decision presents a finding of fact as to plaintiff's residual functional capacity, i.e., to do light unskilled work, the decision lacks express findings of fact as to the physical and mental demands of the past job/occupation, and findings of fact that plaintiff's residual functional capacity would permit a return to the past job or occupation.  See Paige, 2001 WL 936198, at *2;  Davison, 171 F.Supp.2d at 1285-87.  As such, the ALJ failed to develop a full and fair record and this court cannot find that the ALJ's decision is based upon substantial evidence.

Accordingly, after consideration of the record in its entirety, it is ORDERED that the Recommendation of the Magistrate Judge (doc.13), be and is hereby REVERSED and that this action be and is hereby REMANDED to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this opinion.

This Remand pursuant to sentence four of § 405(g), makes plaintiff a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, see Shalala v. Schaefer, 509 U.S. 292 (1983), and terminates this court's jurisdiction over this matter.

DONE this 19th day of September, 2005.

    S/Virgil Pittman
SENIOR UNITED STATES DISTRICT JUDGE